### ALDRIDGE *versus* WARNER'S EXECUTORS.

A and W entered into a covenant, whereby A, after acknowledging himself indebted to W, assigned to him certain bonds. One T also signed the covenant, (as attorney for W) which was drawn to answer as a receipt from T, and also as an assignment of the bonds. In an action by W's executors upon the covenant—Held,

1st. That the *negligence* of W in collecting the assigned bonds, was not in issue under the plea of *" covenant performed."*

2d. That T. was a competent witness to shew the result of his efforts to collect the bonds.

Warner's executors commenced their action of *covenant*, in the Circuit Court of Franklin, against the plaintiff in error. The cause of action, was an agreement, signed by the parties, and one Thompson, which was framed to answer the purpose of an assignment by the firm of Aldridge, Myers & Pendleton, to Warner, of certain bonds, and as a receipt by Thompson, as an attorney, for their collection. The agreement set out an acknowledgment of debt due by Aldridge to Warner, and to secure which the bonds were assigned. It also contained a covenant on the part of Aldridge, to make good any deficiency of the bonds in discharge of the debt. The declaration averred a deficiency to meet the claim, by reason of the insolvency of a portion of the makers of the bonds assigned, and alledged a balance due, of which the defendant had received notice. To the action the defendant plead, " covenant performed;" to which there was replication and issue. The defendant below, as appeared by the bill of exceptions, moved the Court to instruct the jury, that before the plaintiffs could recover the amount of the deficiency, (if on account of the insolvency of the obligors of the assigned bonds,) an offer to return those bonds, or an offer to transfer the judgments recovered on them, should

have been made : Also, that before the plaintiffs could recover, they were compelled to produce evidence, that within a reasonable time after the assignment of the bonds, application had been made to the obligors for payment, and that notice was given to the defendant of their non-payment. The Court refused to give the instructions asked, and there was a judgment for the plaintiffs below. It also appeared that Thompson had been admitted as a witness, to prove the result of his efforts in collecting the bonds.

It was assigned for error here, that the Court erred,

1st. In overruling the instructions asked.

2d. In admitting the testimony of Thompson.

PECK, for Plaintiff.—The assignment of the bonds under the agreement, was made in 1820, and the action was not brought till 1832.

The negligence in this case, is such, as ought to have released the defendant below from all liability.

It is not sufficient to show, by mere proof, that the obligors of any of the assigned bonds not sued, were insolvent.

Solvency could only be legally tested by suit, and it is only in that way, that sufficient diligence could have been used.

Again—the party surely was not privileged to recover on the original debt against the assignor, while he held subsisting judgments against the obligors of the assigned bonds.

The plea, indeed, was "covenant performed;" but if diligence and notice were necessary to render the defendant liable, then the same must be established, or the covenant remains unbroken. The true construction of the covenant is the same with the obligation, which the law raises on the assignment of a note.

As to Thompson's testimony : if the instrument be a covenant, he was certainly a covenantor, and he could not therefore be a legal witness.——9 *Johns. Rep.* 121—1 *ib.* 34—*Stocking* vs. *Conway's ex'ors,* 1 *Porter's Rep.* 1st ed. 200.

P. Martin, *contra.*——To this action the defendant pleaded "covenant performed," and under this state of the pleadings there is no way to get at the question of due diligence.

That matter could only have been raised by means of a special plea : but the plea was affirmative, namely, that defendant had performed his covenants. He was, therefore, bound to prove what he had thus set up in avoidance of the action.

Has the amount been paid ? Have the covenants been performed ? These were the only questions which the pleadings raised for determination, and the instructions asked were therefore altogether inapplicable.

To the objections to the competency of Thompson, it may be answered, that he was in no way interested. He received the papers as an attorney, and was as competent as though he had never seen the covenant. *Buller's N. P.* 283—5 *Cranch,* 100——6 *ib.* 206——10 *Johns. Rep.* 397.

By Mr. Justice Hithcock :

This is an action of covenant, brought by the defendants in error, as executors of B. Warner, against Thomas Aldridge. The declaration sets out, that on the thirtieth day of Dec. 1820, by a certain agreement between the said Thomas Aldridge, and the plaintiffs' testator, the said Thomas Aldridge, by reference to a memorandum at the foot of said agreement, acknowledged himself to be indebted to the said

B. Warner in the sum of one thousand four hundred and thirty nine dollars and twenty nine cents ; to secure which, the firm of Aldridge, Myers & Pendleton, assigned to the said B. Warner, a number of bonds, which are set out in the agreement, and recited in the declaration; amounting in all, to the sum of one thousand six hundred and eighty nine dollars thirty eight cents, exclusive of interest ; that the said Aldridge covenanted with the said B. Warner, that in case a full sufficiency should not be made to discharge said debt and interest, then said Aldridge should make good the deficiency.

The plaintiffs further aver, that a " full sufficiency was not made out of the claims assigned; that certain claims (setting them out) were insolvent at the time of the assignment ; that certain others (also setting them out) became so in a short time after the transfer, and that nothing could be made out of them ; and that on the 20th April, 1831, there remained due, after allowing all that had been collected, one thousand dollars and fifty three cents, which is alleged still to be due, of which the defendant had had notice. The declaration avers, that the plaintiffs have, in all things, kept their covenant; and charges the defendant with a breach on his part, in not having paid the sum of one thousand dollars and fifty three cents, above stated, according to his covenant to pay said deficiency.

To this declaration, the defendant pleaded in short, " covenant performed," and the plaintiffs subjoined " replication and issue," which are all the pleadings that appear in the case. It appears there was a previous declaration, to which there was a demurrer, which was sustained, and the plaintiffs had leave to file an amended declaration.

At the trial of the cause, below, the plaintiffs prov-

ed by the transcripts from the Courts in Virginia, where the defendant lived, that suits had been prosecuted on all the bonds, not collected, except two ; and that he had used due diligence to collect the same; that as to those two, he proved by the deposition of one L. Thompson, that they were notoriously insolvent, at the time of the transfer, which fact, he proved, was well known to the defendant: he also proved by said Thompson, that the fact of the insolvency of several of the obligors, was also known at the time of the said transfer. The testimony of Thompson was objected to, on account of his want of competency, he having signed the covenant. It appears that he signed it as attorney at law, and received the claims to collect, as attorney of Warner. The plaintiffs also proved by one Tarver, that at the end of 1831, or beginning of 1832, he, as the agent of the plaintiffs below, gave the defendant notice of the failure to collect a large part of the claims assigned, and that there was a deficiency to satisfy the debt. No other notice, it was admitted, was proved. The defendant objected, that this was not sufficient notice to fix the defendant's liability ; which objection was overruled.

The defendant moved the Court to instruct the jury, " that before the plaintiffs could recover for a deficiency, if on account of insolvency of the obligors in the assigned bonds, that the plaintiffs should tender to the defendant a return of the notes or bonds declared insolvent, or offer to transfer to the defendant the judgments recovered thereon;" which instruction the Court refused to give. He also requested the Court to charge the jury, " that before the plaintiffs could recover, they were bound to show that they had, within a reasonable time after the assignment of the bonds, made application to the obligors in said bonds

for payment, and that said defendant had notice of their refusal, within a reasonable time thereafter; the evidence of the transcripts of the judgments, which it was admitted were sued on in due time, and that of Tarver, above stated, being all that was given to the jury;" which instruction the Court refused to give. To these opinions of the Court as above stated, exceptions were taken below, and which are assigned for error here.

The objection to the competency of Thompson, was properly overruled. The instrument sued on, appears to have been intended to answer the double purpose of a receipt, by Thompson, as attorney, for the collection of the bonds transferred, as an assignment of the bonds to Warner, and also to set forth the covenants between Warner and Aldridge; and, at the foot of the instrument is a statement of what Aldridge was indebted to Warner. The assignment to Warner, to pay the debt due him, made him the legal holder of the bonds, and the implied covenant of diligence, in the collection of them, was thereby fixed upon him. There is no undertaking of Thompson to Aldridge : his liability is to Warner, and he was no doubt liable to him for the faithful discharge of his duty. But he has no direct interest in the result of this suit, and it cannot be used for or against him in any action which may be brought on his receipt. He was the agent of Warner, in the collection of the bonds; and *ex necessitate rei*, is a competent witness to show what was the result of his efforts.[a] If this were an action against Warner, for the alleged negligence of Thompson, he would be excluded[b]—but this not being the case, the objection only goes to his credibility, and not to his competency.

Before entering upon an examination of the other questions, presented by the bill of exceptions, it will

[a] 1 Starkie, 113

[b] 1 Starkie, 115

be proper to look at the state of the pleadings in the case. The covenants contained in the instrument sued on, are clearly dependent: they are treated as such by the plaintiffs. An averment of diligence is made in the declaration, as to the efforts to collect the assigned bonds, and the defendant, had he chosen to do so, might have put the fact of diligence in issue. But the only plea put in by him, is, that of "covenant performed." He does not plead the non-performance by the plaintiffs, of the condition precedent.

There is no plea of the general issue in the action of covenant. The plea of *non est factum*, only puts the execution of the instrument in issue, and all other defences in this action must be pleaded specially.[a] If the defendant had intended to have relied upon the negligence of the plaintiffs, in not collecting the assigned bonds, that should have been set out in a special plea, setting forth particularly, in what that negligence consisted. The plea of covenants performed, only denies the truth of that part of the declaration, which charges the defendant with a breach of his covenant, in not making up the deficiency. The plea, if written out in full, would have stated that the plaintiffs ought not to recover, because he, the defendant, had paid the deficiency claimed in the declaration, and would have concluded to the country;[b] and this plea does not require the plaintiffs to prove diligence.

Whatever may have been the view, taken by the parties in the trial below, this Court can only look at the case here, as it is presented by the pleadings, and the rules of law applicable to those pleadings. The question presented by this plea, is, whether the defendant had paid the deficiency charged; not, whether the plaintiffs had neglected to prosecute with diligence, for the collection of the notes. In this view of the case, it will be apparent, by a reference to the

*Margin notes:* a 1 Chitty's Pl. 482.    b 3 Chitty 1002

bill of exceptions, that none of the charges asked and refused, were applicable to the issue, as made. What might have made them material, it is not for this Court to decide. And though the plaintiffs may have offered evidence which is not material to the issue, yet that does not authorise the defendant to call upon the Court for instructions upon that evidence; and its refusal to give them cannot be assigned as error. It is sufficient for us, that the issue does not present the question, upon which the instructions are asked.

It is remarked, by Mr. Justice *Livingston,*[a] " that however desirable it may be to admit in evidence on the general issue, in an action of covenant, on a policy of insurance, every thing which may avoid the contract or lessen the damage, as is done in actions on the case, this Court does not know that it possesses the power of changing the law of pleading, or to admit evidence inconsistent with the forms which it has prescribed. No rule on this subject is more inflexible, than, that in actions on deeds, all special matter of defence must be pleaded."

In the case under consideration, the questions asked, if granted, would have allowed the defendant to set up the fact, that he had never been liable to pay that, which he had averred that he had paid. It is not, however, to be understood, that the instructions asked, in this case, would have been proper to be granted, under any state of pleading. They do not, any of them, directly raise the point of diligence, which, under any possible state of pleading, would be the only defence the defendant could make.

The judgment must be affirmed. In this, the Court are unanimous; though they are not so, upon some of the views presented in this opinion.